United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **M. TODD JENKS,**<br><br>      **Petitioner,**<br><br>   v.<br><br>**DLA PIPER (US) LLP,** *et al.***,**<br><br>      **Respondent.** | Case No.: 13-CV-5381 YGR<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION TO VACATE ARBITRATION AWARD WITH LEAVE TO AMEND** |

Plaintiff M. Todd Jenks ("Jenks") filed his Petition to Confirm, Vacate, and/or Modify Arbitration Award ("the Petition") against Defendant DLA Piper (US) LLP ("DLA Piper") seeking an order confirming in part, vacating in part and correcting in part an arbitration award made by Carol J. Marshall of the American Arbitration Association ("AAA").

DLA Piper has filed a Motion to Dismiss the Petition on three grounds: (1) under Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. section 1331, on the basis that Petitioner has not established federal subject matter jurisdiction; (2) the Court lacks jurisdiction over those portions of the Petition challenging a state court decision to compel Jenks' claims to arbitration under *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (the "*Rooker-Feldman* doctrine"); and (3) abstention under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and its progeny.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Dismiss **WITH LEAVE TO AMEND**.[1]

**I.   BACKGROUND**

Jenks was employed by DLA Piper's predecessor ("the Firm") as an insurance litigator. In connection with his separation from the Firm in 2006, Jenks signed an agreement entitling him to a number of benefits in exchange for releasing his claims against the Firm. On October 16, 2009, Jenks filed a complaint in San Francisco Superior Court, alleging various violations of state law. DLA Piper responded with a petition to compel arbitration which the Superior Court granted, compelling Jenks' claims to arbitration and staying the matter with retention of jurisdiction pending the arbitration.

Once in arbitration, Jenks amended his complaint to add two new federal claims, namely, violations of the Employee Retirement and Income Security Act, 29 U.S. C. § 1001 *et seq.* ("ERISA"), for (1) penalties for failure to provide ERISA documents because he asked DLA Piper beginning in August 2006 for documents which were not provided until several months after he requested them; and (2) enforcement of rights and declaration of future rights under ERISA plans, which included a breach of fiduciary duties and a related request to remove ERISA fiduciaries. Litigation of the claims in arbitration took several years, and resulted in numerous motions and decisions by the Arbitrator. On August 22, 2013, the Arbitrator issued her final award.

Jenks filed his Petition to Confirm, Vacate, or Modify with this Court on November 20, 2013. (Dkt. No. 1, "the Petition.") The Petition alleges federal question jurisdiction "based in part on the arbitrator's manifest disregard of federal law" and because "certain of Mr. Jenks' claims arise under the Employee Retirement Income Security Act of 1974, 29 USC §1001 *et seq.* (ERISA) and more particularly 29 USC §§1132(a)(3), (c) and (g)." (Petition at ¶ 3, also citing *Luong* v. *Circuit City Stores, Inc*., 368 F.3d 1109, 1112 (9th Cir. 2004)). The Petition goes on to allege a

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **February 11, 2014.**

2

number of ways in which Jenks contends the arbitrator's decision evinced a "misunderstanding" of ERISA.

## II. APPLICABLE PROCEDURAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(1), a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the Court. *See, e.g., Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1039-40 (9th Cir. 2003), *cert. denied,* 541 U.S. 1009 (2004). When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland,* 792 F.2d 925, 927 (9th Cir. 1986) (holding that "the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 376–78 (1994).

## III. DISCUSSION

DLA Piper argues that the petition should be dismissed for lack of subject matter jurisdiction because Jenks has not pleaded facts to establish jurisdiction based upon a federal question. "[F]ederal courts must have an independent basis for federal jurisdiction to hear claims under the FAA," because the FAA itself does not establish federal question jurisdiction. *Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1111 (9th Cir. 2004) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32, (1983)); *Southland Corp. v. Keating*, 465 U.S. 1, 15 n. 9 (1984); and *Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 882, 883-84 (9th Cir. 1993). Indeed, even if the underlying arbitration involves a matter of federal law, seeking relief related to the arbitration under the FAA is not, in itself, sufficient to confer federal jurisdiction. *Id.*

However, the Ninth Circuit does recognize a basis for subject matter jurisdiction where a petition to vacate an arbitration award is based upon a "manifest disregard" of federal law by the arbitrator. *Luong*, 368 F.3d at 1111 (9th Cir. 2004). Where manifest disregard is pleaded, the

3

1 federal court has subject matter jurisdiction. *Id.* "[T]herefore, it is not the presence of federal
2 issues in an underlying arbitration that determines whether federal question jurisdiction exists, but
3 rather the grounds asserted for federal review in a well-pleaded petition." *Carter v. Health Net of*
4 *Cal., Inc.*, 374 F.3d 830, 836-37 (9th Cir.2004). If the allegations of manifest disregard are, on
5 their face, "patently without merit," they are insufficient to confer subject matter jurisdiction. *Id*.
6 "Manifest disregard of the law means something more than just an error in the law or a failure on
7 the part of the arbitrators to understand or apply the law…[i]t must be clear from the record that the
8 arbitrators recognized the applicable law and then ignored it." *Luong*, 368 F.3d at 1112 (quoting
9 *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.,* 44 F.3d 826, 832 (9th Cir.1995)).

10 Here, Jenks' Petition fails to meet the standard required to allege jurisdiction based upon
11 manifest disregard of federal law. Jenks alleges the arbitrator generally acted contrary to federal
12 law in:

13 (1) denying his ERISA penalties claim as time-barred without addressing his equitable
14 tolling argument (Petition at ¶¶ 123, 127-28);

15 (2) denying his claim for breach of fiduciary duty under ERISA after incorrectly indicating
16 that bad faith is a prerequisite for establishing breach of fiduciary duty (*Id*. at ¶ 131);

17 (3) indicating that even if breach of fiduciary duty were established, Jenks could not recover
18 since he had already been sufficiently compensated by contract damages (*Id*. at ¶ 130); and

19 (4) denying his request for removal of ERISA fiduciaries as a result of an incorrect finding
20 that there had been no breach of fiduciary duty.  (*Id*. at ¶ 132.)
21 Jenks alleges only generally that the arbitrator's decisions applied ERISA incorrectly. At no point
22 in Jenks' allegations regarding inconsistency with ERISA does he state the specific ERISA
23 provision or case authority that the arbitrator disregarded, nor does he allege that the arbitrator was
24 aware of a particular applicable law and nevertheless disregarded it.  As the Ninth Circuit stated in
25 *Luong*, it is not sufficient for purposes of establishing the narrow grant of jurisdiction for petitions
26 to vacate based upon "manifest disregard" of federal law to simply allege "error in the law or a
27 failure on the part of the arbitrators to understand or apply the law." *Luong*, 368 F.3d at 1112; *see*
28 *also Sharlands Terrace, LLC v. 1930 Wright Street, LLC*, No. C-11-2503, 2011 WL 3566816 (N.D.

4

Cal. Aug. 12, 2011) ("In order to establish that an arbitrator manifestly disregarded the law, the party seeking to vacate the award must show that (1) the arbitrators recognized the applicable law, (2) the law is well defined, explicit, and clearly applicable, and (3) the arbitrators ignored it." (internal quotation marks omitted)).  Instead, the allegations of the petition must be clear that the "arbitrator[] recognized the applicable law and then ignored it." *Id.*  The allegations here do not meet that test and therefore do not establish a basis for the Court's jurisdiction.

The Court therefore **GRANTS** the Motion to Dismiss under Rule 12(b)(1).  However, Petitioner is granted **LEAVE TO AMEND** to allege the facts upon which Plaintiff claims that the arbitrator "manifestly disregarded" federal law, bearing in mind the authority and elements identified herein.  Broad, conclusory allegations are insufficient.

Jenks is reminded that a petition need only set forth a "short and plain statement" of the grounds for jurisdiction and the claim for relief, as stated in Rule 8 of the Federal Rules of Civil Procedure.  Thus, Jenks is directed to revise his 47-page petition so that it contains a succinct, well-organized statement of the claim, without excessive or extraneous detail of the history of the parties' litigation.

Because the Court must first determine its jurisdiction and Petitioner is being given leave to amend to allege it sufficiently, the Court declines to reach the alternative grounds for dismissal based on the *Rooker-Feldman* doctrine and *Colorado River* abstention.

Jenks shall file his First Amended Petition no later than **February 25, 2014**.

This terminates Docket No. 14.

**IT IS SO ORDERED**.

Date: February 6, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**